-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONOVAN BYFIELD, 01A6583,

    Plaintiff,

-v-

CHAPMAN, SHOPE, DORDA, COX
DONALDSON, VAUGHN, CLARK,
SICKLER, JOHN DOE (1),
JOHN DOE (2) and JOHN DOE (3),

    Defenadnts.

**DECISION AND ORDER**
12-CV-6131Fe



---

Plaintiff Byfield filed an action naming eight defendants and three John Doe defendants. Plaintiff was granted *in forma pauperis* status on March 22, 2012 (Docket # 4). To date, no defendant has answered the complaint.

As a *pro se* prisoner-litigant proceeding *in forma pauperis,* plaintiff is "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986) (citing Fed.R.Civ.P. 4(c)(2)). So long as such a prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m). *See Moore v. Jackson,* 123 F.3d 1082, 1085-86 (8th Cir.1997); *Bird v. Stone,* 94 F.3d 217, 220 (6th Cir.1996); *Dumaguin v. Sec'y of HHS,* 28 F.3d 1218, 1221 (D.C.Cir.1994); *Puett v. Blandford,* 912 F.2d 270, 276 (9th Cir.1990); *Sellers v. United States,* 902 F.2d

598, 602 (7th Cir.1990). None of the service forms mailed to the named defendants by the Marshal's Service on April 30, 2012 has been returned indicating in any way that service at the addresses provided by plaintiff was not possible. Nor have acknowledgments of service been received by the Marshal's Service or the Court.

The Court hereby requests that the Attorney General of the State of New York assist the Court in ascertaining what impediments there may be in the Marshal's attempts to serve the named defendants.

In addition, in his complaint, plaintiff lists three John Doe defendants. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997)(per curiam), the Court requests that the Attorney General ascertain the full names of the John Doe defendants plaintiff seeks to sue, as well as the addresses where each of the John Doe defendants can currently be served.

The Attorney General of the State of New York is requested to provide any information he can ascertain by **July 6, 2012.** The Attorney General need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. The Clerk of Court shall send a copy of this Order and the complaint to Debra A. Martin, Esq., Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614.

The Court hereby grants an extension of time to serve the complaint. Time to serve the defendants is extended for a period of 120 days from the date this Order is signed.

IT IS SO ORDERED.

                                                             _____
                                                             HONORABLE RICHARD J. ARCARA
                                                             DISTRICT COURT

Dated: _____6/11_____, 2012