# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK



DONOVAN BYFIELD,

                Plaintiff,

**DECISION & ORDER**
12-CV-6131

v.

DAN CHAPMAN, et al.,

                Defendants.

## Preliminary Statement

*Pro se* plaintiff, currently incarcerated at Clinton Correctional Facility, brought this action against corrections officers at Southport Correctional Facility pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights by subjecting him to excessive force and cruel and unusual punishment. See Complaint (Docket # 1). Currently pending before the Court is plaintiff's motion for appointment of counsel (Docket # 24) and plaintiff's motion to compel (Docket # 25).

## Discussion

Plaintiff's Motion for Appointment of Counsel: In his motion to appoint counsel, plaintiff asserts that the appointment of counsel is necessary because he "is unable to afford counsel," "[t]he issues involved in this case are complex," he "has extremely limited access to the law library," he has been unsuccessful in obtaining representation on his own, and he "has a limited

knowledge of the law." (Docket # 24). For the reasons that follow, plaintiff's motion to appoint counsel (Docket # 24) is **denied without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. <u>Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.</u>, 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. <u>In re</u> <u>Martin-Trigona</u>, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters, unlike most criminal cases." <u>Burgos v. Hopkins</u>, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in <u>Hodge</u>, the Court finds that plaintiff's allegations satisfy the initial threshold showing of merit. <u>See, e.g.</u>, <u>Mackey v. DiCaprio</u>, 312 F. Supp. 2d 580, 582

(S.D.N.Y. 2004) (court found plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); Allen v. Sakellardis, No. 02 Civ.4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegations that correctional officers assaulted him while he was restrained might have merit).

However, having reviewed the complaint and considered the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the Court concludes that appointment of counsel is not warranted at this particular time. "Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Plaintiff's complaint is detailed in nature and adequately describes the events that led to his alleged injuries. The factual circumstances surrounding plaintiff's claims do not appear to be unusually complicated, and the issues alleged are not so complex so as to make it impossible for plaintiff to proceed without counsel. To the contrary, plaintiff has submitted well drafted motion papers containing appropriate case citations and cogent legal arguments. At this juncture at least, he appears sufficiently knowledgeable to prosecute this action. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel after finding that "case does not present novel or overly complex legal issues, and there is no

indication that [plaintiff] lacks the ability to present his case.").

Given the limited resources available with respect to *pro bono* counsel, the Court finds no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (court denied motion to appoint counsel despite plaintiff's claims that matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 Civ. 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Plaintiff may consult with the Western District *pro se* office attorneys for questions on process and procedure. Plaintiff's motion to appoint counsel is **denied**.

Plaintiff's Motion to Compel: Plaintiff seeks an Order compelling defendants to produce copies of the following nine categories of documents: (i) Use of Force Directive 4944, as well as any rules, regulations, and policies governing the use of force by corrections officers; (ii) CORC decision for grievance file # SPT-50930-11; (iii) Use of Force Report for force used on February 16, 2011; (iv) the names and current locations of inmate witnesses who allegedly wrote letters of complaint regarding the assault on plaintiff; (v) Inspector General's investigation of the

February 16, 2011 incident; (vi) all grievances and complaints filed against the defendants relating to alleged assaults or mistreatment of inmates within the last ten years; (vii) plaintiff's medical records; (viii) the names of the corrections officers who were assigned to the receiving room (a.k.a. "draft room") on February 16, 2011; and (ix) the transcript of the interview that was taken at Southport Correctional Facility with a confidential informant with respect to the incident at issue. See Docket # 25.

The Court, having reviewed the papers in support of (Docket ## 25, 32) and in opposition to (Docket # 27) plaintiff's motion to compel (Docket # 25), as well as the discovery responses and documents produced by defendants (see Docket ## 16, 18, 21, 27), finds that defendants have sufficiently responded to plaintiff's discovery demands. In his reply papers (Docket # 32), plaintiff acknowledges that defense counsel has now provided him much of what he was seeking. The two areas of concern to the Court at this time are (1) production of a redacted copy of DOCS Directive 4944 (Use of Force) and (2) plaintiff's demand for the names of inmate witnesses to the alleged sexual assault of plaintiff.

DOCS Directive 4944: Defense counsel has disclosed a heavily redacted copy of Directive 4944. See Docket # 21. It strikes this Court as odd that unredacted copies of the Directive have been produced without objection or concern by DOCS to *pro se* inmate

plaintiffs in other federal court cases. See Muhammad v. Corr. Sergeant Lowe, No. 08-CV-0658A, 2010 WL 2854460, at *1 (W.D.N.Y. July 19, 2010) (referencing Directive 4944 being produced to inmate plaintiff); Murray v. Palmer, No. 903-CV-1010, 2006 WL 2516485, at *2 (N.D.N.Y. Aug. 29, 2006) (defendants provided inmate plaintiff with a copy of Directive 4944). Absent a logical reason why this case is different, Directive 4944 should be produced to plaintiff here. Defendants shall produce this Directive within **thirty (30) days** of entry of this Order.

Witness Names: Defense counsel has already disclosed to plaintiff a report containing the name of the inmate who stated to correctional officials that he witnessed the assault of plaintiff. If there are other inmate or non-inmate witnesses who have corroborated plaintiff's claims of assault to prison officials, plaintiff shall be provided their names and current locations. See Murray v. Fischer, No. 07CV306S, 2009 WL 2843271, at *3 (W.D.N.Y. Aug. 28, 2009) (ordering defendants to produce the names, inmate identification numbers, and current locations of inmate witnesses who were relevant to plaintiff's claims); Docket # 21 at 4. Defendants shall produce this information within **thirty (30) days** of entry of this Order.

In all other respects, plaintiff's motion to compel is **denied**.

## Conclusion

Plaintiff's motion to appoint counsel (Docket # 24) is **denied without prejudice to renew.** Plaintiff's motion to compel (Docket # 25) is **granted in part and denied in part.**

**SO ORDERED.**

/s/ Jonathan W. Feldman
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 24, 2013
Rochester, New York