UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONOVAN BYFIELD,

                       Plaintiff,

Case # 12-CV-6131-FPG

v.

DECISION & ORDER

DANIEL CHAPMAN, JEROME SHOPE,
CARL COX, DWAYNE DONALDSON,
CHAD VAUGHN, and ANTONIO DORTA,

                       Defendants.

*Pro se* Plaintiff Donovan Byfield ("Plaintiff") originally brought this action on March 13, 2012, alleging that Defendants violated his constitutional rights while Plaintiff was housed at Southport Correctional Facility and seeking relief under 42 U.S.C. § 1983. ECF No. 1. After a jury trial held from November 9, 2015 to November 13, 2015, the jury found that Plaintiff had been subjected to excessive force in violation of his Eighth Amendment rights and awarded Plaintiff a total of $5,000 in compensatory and punitive damages. *See* ECF No. 61.

On November 20, 2015, Plaintiff sent a letter to the Court regarding an incident that allegedly occurred that same day. ECF No. 64. In this letter, Plaintiff alleges that an officer named Lovejoy came to Plaintiff's cell at Auburn Correctional Facility (where Plaintiff currently resides) after learning about Plaintiff's lawsuit and told Plaintiff that "the officers in Southport should have killed me [Plaintiff]" but that "he [Lovejoy] is here to finish the job they left unfinished." *Id.* As a result of Lovejoy's threat, Plaintiff asks the Court to "issue a[n] injunction order stating that no retaliatory actions be taken against me by Officer Lovejoy or any other D.O.C.[C.S.] employee." *Id.* In addition, Plaintiff requests to be transferred away from Auburn Correctional facility. *Id.*

Plaintiff's allegations are certainly serious. The Court is mindful of Plaintiff's right to access the courts and his right to be free from cruel and unusual punishment while in prison. However, this Court does not have the power to issue an injunction against someone unless the Court has acquired valid personal jurisdiction over that person. *Weitzman v. Stein*, 897 F.2d 653, 658-59 (2d Cir. 1990); *Tobin v. Doe*, No. 3:04-CV-952 (SRU), 2006 WL 680507, at *3 (D. Conn. Mar. 15, 2006). Officer Lovejoy was never a party to this case, and the Court does not have personal jurisdiction over him. Similarly, the Court does not have personal jurisdiction over any other employee at Auburn Correctional Facility. This case involved an incident that occurred at Southport Correctional Facility, and all Defendants were Southport employees. *See* ECF No. 1. Therefore, the Court does not have the power to grant Plaintiff the relief he requests. Accordingly, Plaintiff's motion for an injunction (ECF No. 64) is DENIED.

IT IS SO ORDERED.

Dated: June 13, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court